# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDALAH MOHAMED KHAMIS, | : | Civil No. 3:19-cv-902 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CRAIG A. LOWE, | : | |
| Respondent | : | |

## **MEMORANDUM**

On May 28, 2019, Petitioner Abdalah Mohamed Khamis ("Petitioner"), a native and citizen of Tanzania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking a bond hearing or immediate release from immigration detention under 8 U.S.C. § 1226. (Doc. 1). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, Lords Valley, Pennsylvania. (*Id.*). Petitioner is currently housed at the Adams County Detention Center, Washington, Mississippi. (Doc. 14).

On January 30, 2020, Respondent filed a suggestion of mootness stating that Petitioner's detention status changed from pre-final order detention under 8 U.S.C. § 1226(a) to post-final order detention under 8 U.S.C. § 1231(a). (Doc. 15). Respondent argues that the habeas petition is therefore moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

I.  **Immigration Proceedings**

Petitioner is a native and citizen of Tanzania who was admitted to the United States on or about December 13, 1999, as a B1 non-immigrant visitor for business. (Doc. 1, p. 2; Doc. 7-2, Record of Deportable/ Inadmissible Alien, pp. 1-2). On October 1, 2009, Petitioner's status was adjusted to Lawful Permanent Resident. (Doc. 1, pp. 2, 10; Doc. 7-2, Record of Deportable/ Inadmissible Alien, pp. 1-2). On November 8, 2016, Petitioner was convicted of conspiracy to distribute heroin and sentenced to eighteen months confinement. (Doc. 1, p. 2; Doc. 7-2, Record of Deportable/ Inadmissible Alien, p. 2).

On April 6, 2018, ICE issued a Warrant of Arrest. (Doc. 7-2, Record of Deportable/ Inadmissible Alien, p. 2). On April 9, 2018, ICE issued a Notice to Appear charging Petitioner as removable pursuant to Sections 237(a)(2)(A)(iii) and (A)(2)(B)(i) of the Immigration and Nationality Act ("INA") due to his convictions for conspiracy and drug trafficking. (Doc. 7-3, Notice to Appear). Petitioner had his first master calendar hearing on May 1, 2018. (Doc. 1, p. 2; Doc, 7-4, Hearing Notice). On May 18, 2018, the United States Department of Homeland Security ("DHS") took Petitioner into custody. (Doc. 7-5, Notice of Custody Determination).

Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 1, p. 3; Doc. 7-6, Immigration Judge's Order). On October 30, 2018, a hearing was held on the merits of the application. (*Id.*). The

2

immigration judge ultimately denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered his removal. (*Id.*). Petitioner appealed the immigration judge's order. On April 23, 2019, the Board of Immigration Appeals ("BIA") dismissed the appeal. (Doc. 7-7, Board Decision). Thus, Petitioner's removal order became final. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a).

On May 10, 2019, Petitioner filed a petition for review with the Third Circuit Court of Appeals. *See Khamis v. Att'y Gen.*, No. 19-2075 (3d Cir.). On May 10, 2019, the Third Circuit Court of Appeals issued a temporary stay of removal pending its decision on the petition for review. (Doc. 7-8, *Khamis v. Att'y Gen.*, No. 19-2075 (3d Cir. May 10, 2019)). On November 7, 2019, the Third Circuit vacated the temporary stay and denied Petitioner's motion for a stay of removal. *See Khamis v. Att'y Gen.*, No. 19-2075 (3d Cir. Nov. 7, 2019)).

II. **Discussion**

At the time Petitioner filed the instant habeas petition, he was pursuing an appeal of the BIA's April 23, 2019 decision, and seeking a stay of removal with the Third Circuit Court of Appeals. (Doc. 11-6). *See Khamis v. Att'y Gen.*, No. 19-2075 (3d Cir. May 10, 2019)). Pursuant to a standing practice order, the Third Circuit Court of Appeals granted a temporary stay of removal. *Khamis v. Att'y Gen.*, No. 19-2075 (3d Cir. 2019). On

November 7, 2019, the Third Circuit vacated the temporary stay and denied Petitioner's motion for a stay of removal. See Khamis v. Att'y Gen., No. 19-2075 (3d Cir. Nov. 7, 2019)). The denial of the motion for a stay of removal shifted Petitioner's detention status from pre-final order detention under 8 U.S.C. § 1226(a) to post-final order detention under 8 U.S.C. § 1231(a), and triggered the start of the removal period on November 7, 2019. See Leslie v. Att'y Gen., 678 F.3d 265, 270 (3d Cir. 2012).

While 8 U.S.C. § 1226 may have initially controlled Petitioner's detention, because the BIA dismissed Petitioner's appeal and because his motion for a stay of removal was ultimately denied by the Third Circuit, Petitioner is currently subject to a final order of removal and is therefore subject to detention pursuant to 8 U.S.C. § 1231. See 8 U.S.C. § 1231(a)(1)(B); Leslie, 678 F.3d at 268-70 (§ 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal). As such, Petitioner's detention status changed from pre-final order detention to post-final order detention with the November 7, 2019 denial of his motion to stay by the Third Circuit. Therefore, Petitioner's claim pursuant to § 1226 is necessarily moot because he is now subject to a final order of removal.[1] See Ufele v. Holder, 473 F. App'x 144 (3d Cir. 2012) (finding that when the BIA's

---

[1] Federal courts may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). To be an actual case or controversy, there must be injury that "is likely to be redressed by a favorable decision." Valley Forge Christian College v. Amercans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)). The necessity of an actual case or controversy continues through all stages of the proceeding, including appeals. Lewis, 494 U.S. at 477-78.

order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"). Consequently, the habeas petition will be dismissed as moot, but without prejudice to Petitioner's right to file a new section 2241 petition challenging his post-final order detention under 8 U.S.C. § 1231.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed as moot. A separate Order shall issue.

Dated: January 30, 2020

Robert D. Mariani
United States District Judge